UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 15-109-DLB-REW

BILLY ALLEN SALMON                          PETITIONER

V.        **ORDER ADOPTING RECOMMENDED DISPOSITION**

SANDRA BUTLER, Warden                      RESPONDENT

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court on the Recommended Disposition of United States Magistrate Judge Robert E. Wier (Doc. # 16), wherein he recommends that the Court wholly deny Petitioner Billy Allen Salmon's § 2241 petition. (Doc. # 1). Petitioner has filed Objections to the Recommended Disposition (Doc. # 17), and Respondent has filed a Response to Petitioner's Objections. (Doc. # 18). Having reviewed the parties' briefing, the Court will adopt the Recommended Disposition as the findings of fact and conclusions of law of the Court, and deny Petitioner's § 2241 motion in full.

Pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections within fourteen days after being served with a copy of a Magistrate's Recommended Disposition. If a party is properly informed of the consequences of failing to file an objection, and fails to file an objection, "the party waives subsequent review by the district court." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Objections must specifically challenge portions of the report or the proposed findings or recommendations. Filing vague, general, or conclusory objections does not meet the specificity requirements, and such objections may be treated

as a complete failure to file. *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (citing *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001)).

District courts in the Sixth Circuit have also held that, "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp.2d 934, 938 (E.D. Mich. 2004); *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011) (holding that "objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived"). Therefore, these "objections" fail to put the Court on notice of any potential errors in the Magistrate's Recommended Disposition. *VanDiver*, 304 F. Supp.2d at 938.

Here, Petitioner's one-paragraph "objection" states: "This is in regard to the Recommended Disposition. I am objecti[ng] to that there is no record on my parole or being sent to a halfway house in [Savannah], GA. I have sent to GA doc for my records and to the parole office on my parole papers. As of now I have not receive[d] them." This objection does not argue that the Magistrate erred in his Recommended Disposition. Because Petitioner's objection fails to specifically challenge any factual or legal findings made by the Magistrate, the Court is not required to review the Recommended Disposition *de novo. See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); *see also Cole*, 7 F. App'x at 356.

Furthermore, to the extent Petitioner's objection can be construed as a specific challenge and assertion that he was paroled in Georgia, and consequently, is entitled to

2

relief under *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), these arguments are simply a restatement of Petitioner's Reply Brief (Doc. # 12), which were thoroughly addressed in the Magistrate's Recommended Disposition. (Doc. # 16, p. 3, n. 8, 14).  Specifically, the Magistrate considered Petitioner's Georgia parole argument:

> In the Reply, Salmon curiously states that Georgia paroled him in June 2004. Salmon says: "I told them I had or thought I had a federal detainer. They told me I didn't and release[d] me to a half-way house in Savanna[h]. Kater nt (case worker) call[ed] the [USMS;] they told her to take me back to prison. If the detainer was in place I would have been 'in federal custody in 2004.'" The Court will evaluate these issues below as part of the overall analysis. Notably, there is no proof in the record of any June 2004 parole.

(Doc. # 16, p. 3, n. 8) (internal citations omitted).  Considering this parole issue, the Magistrate Judge thoughtfully reasoned as follows:

> Similarly, Salmon has not in any way proven that the Reply issue concerning the interaction between release on state parole and operation of a federal detainer has merit.  As an initial matter, raising an issue for the first time in a reply brief is improper. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008).  The Court independently rejects any such claim on this ground.  Regardless, Salmon presented no proof to support the amorphous statements. *See* DE # 12.  On the merits, a variety of unclear issues emerge.  First, "release ... to a half-way house" may not be release on parole; it may be continuation of a state custodial sentence.  *See e.g. United States v. Rasco*, 963 F.2d 132, 136 (6th Cir. 1992) (recognizing that placement in a halfway house can be part of a term of imprisonment); *United States v. Townsend*, [631] F. App'x [373], No, 14-4250, 2015 WL 7787131, at *4-5 (6th Cir. Dec. 4, 2015) (stating that a sentence can be split "between periods of imprisonment and home confinement or a halfway house"); *Robbins v. State*, 757 S.E.2d 452, 454 (Ga. Ct. App. 2014) (recognizing that part of a sentence can "be served at a halfway house"); *Luke v. State*, 344 S.E.2d 452, 454 (Ga. Ct. App. 1986) (same).
> Again, Salmon presents nothing to substantiate the parole claim.  Second, conjecturing about whether a federal detainer should have been executed, and what would have happened if authorities had executed it, "is pure speculation on [Salmon's] part." *Broadwater*, 59 F. App'x at 114.  Salmon's hypothetical is counter to reality, where the record is clear that the USMS did not, in fact, take Salmon into federal custody to serve his federal sentence until 2008.  And, the state records filed unequivocally show his release as occurring in June 2008.

3

> ...
> Salmon certainly does not demonstrate USMS "gross negligence of an arbitrary and unwarranted exercise" of USMS power. *Shelton v. Ciccone*, 578 F.2d 1241, 1245 (8th Cir. 1978). The documents the United States submitted make no mention of 2004 Salmon parole. *See generally* DE # 5-1 through -11. Finally, a search of the Georgia Department of Corrections website for Salmon reveals an "Actual Release Date" of June 2, 2008, and makes no mention of 2004 parole. The Court rejects the phantom 2004 parole as a non-issue.

(Doc. # 16, p. 3, n. 14).

By raising this parole issue, which he also argued in his Reply Brief (Doc. # 12), in his Objection, Petitioner is effectively asking the Court to reconsider that which the Magistrate has already reviewed. Such "duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate Act." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Therefore, the Court declines to consider the parole issue at greater length.

Petitioner's vague and repetitive objection not withstanding, the Court concurs with the Magistrate Judge's Recommended Disposition and finds that Petitioner's § 2241 petition must be denied in full. Accordingly, for the reasons set forth herein,

**IT IS ORDERED AND ADJUDGED** as follows:

(1) Magistrate Judge Wier's Recommended Disposition (Doc. # 16) is hereby **adopted** as the findings of facts and conclusions of law of the Court;

(2) Petitioner Billy Allen Salmon's Objections to the Recommended Disposition (Doc. # 17) are **overruled**;

(3) Petitioner's § 2241 petition (Doc. # 1) is **denied in full**; and

(4) Petitioner's § 2241 petition (Doc. # 1) is **dismissed** and this matter is hereby

**stricken from the Court's active docket**.

This 13th day of May, 2016.



K:\DATA\ORDERS\London\2015\15-109 Order Adopting R&R.wpd